IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**PATRICIA M. CHAVEZ,**

    Plaintiff,

vs.  Civ. No. 98-29LH/DJS

**KENNETH S. APFEL,
Commissioner of Social Security,**

    Defendant.

**MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION**[1]

1. Plaintiff invokes this Court's jurisdiction under 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner determined that Plaintiff is not eligible for disability insurance benefits. Plaintiff moves this Court for an order reversing the Commissioner's final decision or remanding this matter for a rehearing. The Court will review the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner applied correct legal standards in making his findings. Williams

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. Section 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten day period allowed if that party seeks appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

1

v. Bowen, 844 F.2d 748 (10th Cir. 1988).

**Administrative History**

2.  Plaintiff applied for disability benefits and supplemental security income benefits under Titles II and XVI of the Act on September 15, 1994. Tr. 57. The application was denied initially and upon reconsideration. A hearing was held before the Administrative Law Judge (ALJ) at which Plaintiff and her attorney appeared and the ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 22-28. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. Tr. 5-6. The decision of the ALJ therefore became the final decision of the Commissioner for judicial review purposes.

**Statement of the Facts**

3.  Plaintiff alleges a disability since May 3, 1993 due to lower back, right leg, and left shoulder pain. Tr. 57, 60 and 99. Plaintiff was born on December 7, 1958. Tr. 57. At the time of the administrative hearing, Plaintiff was thirty-six years old. Tr. 237. She graduated from high school. Tr. 237. Plaintiff's prior relevant work included employment as a sales clerk, cashier, and child's care giver. Tr. 93.

**Issues**

4.  Plaintiff alleges the ALJ made three errors in denying Plaintiff's application. Specifically Plaintiff alleges that: (1) the ALJ's pain and credibility analysis is not supported by

substantial evidence and is contrary to law; (2) the ALJ applied a variation of the "sit-and-squirm" test in considering Plaintiff's allegations that her medications cause side effects that affect her ability to work; and (3) the ALJ's finding regarding Plaintiff's mental impairment is not supported by substantial evidence and is contrary to law.

**The Standard of Review**

5.  The function of this Court on review is not to try the Plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence. Hamilton v. Secretary of Health and Human Services, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance of the evidence. Richardson v. Perales, 402 U.S. 389, 401 (1971). It is such relevant evidence as reasonable minds might accept as adequate to support a conclusion. Id. It is well settled that if there is substantial evidence to support the Commissioner's decision then that decision must be upheld. However, the district court should not blindly affirm the Commissioner's decision but must instead scrutinize the entire record to determine if the Plaintiff's claim is supported by substantial evidence and the law has been correctly applied. Hogan v. Schweiker, 532 F.Supp. 639, 642 (D.Colo. 1982).

6.  The Plaintiff must first make a *prima facie* showing of an impairment which effectively precludes her from returning to her

3

past work.  Once that showing is made, the burden shifts to the Commissioner to show:  (1) that the Plaintiff, considering her age, education, work experience and physical shortcomings, has the capacity to perform alternative jobs and (2) that these specific types of jobs exist in significant numbers in the economy.  <u>Hall v. Harris</u>, 658 F.2d 260, 264 (4th Cir. 1981); <u>Salas v. Califano</u>, 612 F.2d 480, 482-83 (10th Cir. 1979); <u>Gardner v. Brian</u>, 369 F.2d 443, 446-47 (10th Cir. 1966).

7.  To regularize the adjudicative process, the Social Security Administration promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled.  20 C.F.R. §404.1520.  At the first three levels of the sequential evaluation process, the claimant must show: (1) that she is not engaged in substantial gainful employment;  (2) that she has an impairment or combination of impairments severe enough to limit the ability to do basic work activities; and (3) that her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1.  If the claimant cannot show that she has met or equaled a listing, she must show at step four that she is unable to perform work she had done in the past.  At the fifth step, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other substantial gainful activity considering her age, education, and prior work experience.  If a determination of disabled or not disabled is found at any step,

further inquiry is not required. 20 C.F.R. §404.1520.

8. Upon reaching the fifth step of the sequential evaluation process, the Medical-Vocational Guidelines (grids) are used in determining whether disability exists. 20 C.F.R. Part 404, Subpt. P, App. 2. These grids reflect the existence of jobs in the national economy at various residual functional levels by incorporating administrative notice of some occupational publications and studies. 20 C.F.R. §404.1566(d). This aids the Commissioner in determining what specific job types exist in the national economy for the claimant. To apply the grids, the ALJ must make findings of fact as to age, education, work experience, and residual functional capacity. 20 C.F.R. §§404.1545, 404.1563-.1565. These findings of fact are factored into the grids to produce a factual conclusion of disabled or not disabled. 20 C.F.R. §404.1569. The grids assume that the claimant's sole limitation is lack of strength, i.e., an exertional impairment. 20 C.F.R. Part 404, Subpt. P, App. 2, §200.00(e)(2).

9. Where a claimant presents evidence of both exertional and nonexertional impairments (such as pain, inability to maintain concentration, and substance abuse), the grids are not conclusive but merely form a framework for disability determination. Id. In that situation, the ALJ must make findings on how much a claimant's work ability is further diminished by the nonexertional limitations. Id. If the claimant's nonexertional limitations are significant enough to reduce further his or her work capacity, the

ALJ may not rely upon the grids but instead must give full consideration to all relevant facts, including vocational expert testimony if necessary, in determining whether the claimant is disabled. Id.; Channel v. Heckler, 747 F.2d 577, 583 (10th Cir. 1984). However, the mere presence of nonexertional impairments does not automatically preclude reliance on the grids. Ray v. Bowen, 865 F.2d 222, 225 (10th Cir. 1989); Gossett v. Bowen, 862 F.2d 802, 807-08 (10th Cir. 1988); Channel, 747 F.2d at 582 n. 6.

**Discussion**

10. The ALJ's decision is not supported by the evidence. The ALJ's pain and credibility analysis is contrary to law. Further, the ALJ did not give specific reasons for not giving substantial weight to the opinion of Plaintiff's treating physician.

11. In evaluating a Plaintiff's complaint of pain, the ALJ must consider (1)whether there is objective medical evidence of a pain-producing impairment; (2) whether there is a loose nexus between this objective evidence and the pain; and (3) whether in light of all the evidence, both objective and subjective, the pain is in fact disabling. Luna v. Bowen, 834 F.2d 161, 163 (10th Cir. 1987). A magnetic resonance imaging (MRI) report of February 1992 shows herniation of the L-5, S-1 disk centrally and to the right with loss of hydration. The MRI also indicates a probable small

6

hemangioma[2] at the anterior of the L2 vertebral body. Tr. 156. An MRI of November 10, 1993 shows small left paracentral protrusion at C6-7 and a small central protrusion at the C4-5 level. Tr. 192. There is also evidence of muscle spasm, degenerative changes with narrowing of the disc space, decreased strength in the right leg and a slight antalgic gait on the left. Tr. 136, 139, 144, 153, 170 and 171. Certainly there is a connection between this impairment and back and leg pain. The remaining issue is whether the ALJ's finding that this is not disabling pain is supported by the substantial evidence. It is not.

12. In a letter dated May 4, 1994, Stanford Varnado, D.O. stated that the Plaintiff was unable to work. Tr. 193. Dr. Varnado is Plaintiff's treating physician. He is a reliable medical source. 20 C.F.R. §404.1513. In 1994 he saw her at least ten occasions for back pain. The ALJ failed to give specific legitimate reasons for disregarding the opinion of the Plaintiff's treating physician. Sorenson v. Bowen, 888 F.2d 706, 711 (10th Cir. 1989). Failure to do so requires a remand.

13. Other evidence in the record does not support the ALJ's decision. The Plaintiff sought medical assistance for her back and leg pain no fewer than 22 times. Tr. 135, 141, 144, 153, 157, 166, 167, 170, 173, 176, 203, 206, 210, 212, 213, 215, 216, 219, 222,

---

[2]A benign tumor made up of newly formed blood vessels. Dorland's Pocket Medical Dictionary, 23th Ed.

7

223 and 228. Further, Plaintiff told her physician and testified to her limitations and her pain. Tr. 102, 104, 117, and 122.

14. Substantial evidence supports the ALJ's finding that the Plaintiff had no limiting mental impairment. Tr. 26. The Plaintiff did not allege any mental impairment. She had not sought counseling or other therapy. Her treating physicians had not referred her to any treatment. The record does not show any testing or formal evaluation of Plaintiff's mental condition. Plaintiff has stated in the record she is depressed. She has been prescribed Prozac and Xanax. This is insufficient to show a disabling mental impairment. See Hawkins v. Chater, 113 F.3d 1162, 1165 (10th Cir. 1997). (Prescriptions for antidepressants by a nonspecialist not determinative.)

15. Plaintiff also asserts that the side effects of the medication are disabling. The ALJ found that her ability to read books for two hours and watch television for 10 hours "require a reasonable degree of concentration or attention." Tr. 25. As this case is going to be remanded, the Court directs the Secretary to evaluate this claim on remand.

**Rocommended Disposition**

For these reasons, I recommend that Plaintiff's Motion to Remand be granted for proceedings consistent with analysis.

_____
Don J. Svet
**UNITED STATES MAGISTRATE JUDGE**